IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FRANK THOMAS, and ) | |
| RaSHONDA BARNES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00988-NJR |
| ) | |
| JOSEPH SPLITTORFF, ) | |
| BOST, and ) | |
| LAKIN, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Frank Thomas is a pretrial detainee housed in the Madison County Jail. Plaintiff RaShonda Barnes is Thomas's 20-year-old daughter. Pursuant to 42 U.S.C. § 1983, Plaintiffs bring this action for deprivations of their constitutional rights with respect to Thomas's arrest and the conditions of his confinement at the Jail—principally as they relate to his ability to participate in the preparation of his defense in his criminal case.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Complaint

According to the complaint, on July 27, 2015, detectives with the Alton Police Department arrested Plaintiff Frank Thomas and his 20-year-old, developmentally challenged daughter, Plaintiff RaShonda Barnes. Detective Joseph Splittorff threatened and intimidated Barnes into incriminating her father and improperly coerced Thomas into making a presumably incriminating statement. The police purportedly acted without warrants—arresting Thomas and Barnes, searching, confiscating and otherwise causing Thomas to lose all of his property and possessions (an itemized list is attached to the complaint).

The complaint also presents constitutional challenges regarding the lack of warrants, confiscation of property, threats and intimidation, coerced statements, and absence of *Miranda* warnings.

While in the Madison County Jail, Plaintiff Thomas has not been able to perform research that would allow him to participate with his attorney in the formulation of a defense in his criminal case. Similarly, Thomas has been denied paper, stamps, envelopes and free copies, which he needs to communicate with his defense attorney. It is also asserted that Thomas has no religious materials needed to practice his religion, but no details are offered.

Plaintiffs seek compensatory damages for Thomas and Barnes, as well as reimbursement for Thomas's personal property. Thomas's immediate release from jail is also requested.

## Discussion

The complaint cannot proceed as pleaded and must be dismissed for the following reasons. First, the complaint is signed by Plaintiff Thomas, but not by RaShonda Barnes. Federal Rule of Civil Procedure 11(a) requires that the pleading be signed by the parties' attorney(s) or by each unrepresented party. There is no reason to believe Thomas is an attorney, so he cannot represent his adult daughter. Even if Barnes is a minor or Thomas is her legal guardian, Thomas still cannot not represent Barnes. Plaintiff Barnes is not a proper party to this case until she signs a viable pleading.

The complaint also impermissibly combines civil rights claims for damages pursuant to 42 U.S.C. § 1983 and a request for release from jail, which must be brought as a petitioner for writ of habeas corpus under 28 U.S.C. § 2241. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). More specifically, Plaintiff's claims regarding the conditions of his confinement in the Madison County Jail must be brought in one case pursuant to Section 1983, and his claims seeking release must be brought in a habeas corpus petition pursuant to Section 2241. The Court cannot merely sever the habeas corpus issues from the present civil rights case. If both Frank Thomas and RaShonda Barnes are in jail, they would have to bring separate habeas corpus actions.

Before amending the civil rights complaint in the present case, or initiating a habeas corpus action, Thomas and Barnes should keep in mind that under the *Younger* doctrine, this Court must abstain from deciding federal constitutional claims regarding an ongoing state criminal proceeding. *Younger v. Harris*, 401 U.S. 37 (1971). *See also Gakuba v. O'Brien*, 711

F.3d 751 (7th Cir. 2013). Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances" exist. *Stroman Realty, Inc., v. Martinez,* 505 F.3d 658, 662 (7th Cir. 2007); s*ee also Younger,* 401 U.S. at 43, 49. Exceptional circumstances have been found where irreparable damage would occur, such as prosecutorial harassment and bad faith, or speedy trial and double jeopardy claims—and then only after the petitioner has exhausted available state court remedies. *Younger,* 401 U.S. at 43, 49; *Braden v. 30th Judicial Circuit Court of Ky.,* 410 U.S. 484, 489-92 (1973) (collecting cases). There is no suggestion of exceptional circumstances. More to the point, a habeas corpus petition is likely premature. Thomas and Barnes would be well served by consulting their attorneys in the underlying criminal case(s).

Relative to any amended civil rights complaint, Plaintiffs must remember that Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Because personal involvement is required for liability to attach, the *respondeat superior* doctrine—supervisor liability—is not applicable to Section 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)). "Supervisory liability will be found … if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it." *Lanigan v. Village of East Hazel Crest, Ill*., 110 F.3d 467, 477 (7th Cir. 1997); *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The present complaint does not sufficiently link any

of the three named defendants to the alleged constitutional violations. Indicating who did what to whom is essential to any claim.

Insofar as Thomas seeks monetary compensation for the value of personal property that was confiscated or damaged by police—even assuming such a claim is not premature—the appropriate avenue for relief is in state court. The Illinois Court of Claims has exclusive jurisdiction over suits asserting damages to property. *See Sorrentino v. Godinez*, 777 F.3d 410, 413 (7th Cir. 2015); *Patzner v. Baise,* 552 N.E.2d 714, 717 (Ill. 1990).

Dismissal of the complaint will be without prejudice, and a period of time will be allotted for an amended complaint to be filed, if Thomas and/or Barnes elect to do so.

## Motion for Counsel

Plaintiff Thomas has filed a motion for counsel (Doc. 3), and the dismissal of the complaint certainly begs the question, Can Plaintiff proceed *pro se*? *Childress v. Walker*, 787 F.3d 433, 443 (7th Cir. 2015). There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the

plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff Thomas asserts that he has attempted to retain counsel without success, but he does not offer any details or supporting documentation. Plaintiff otherwise notes that he has a college degree. He is currently taking Depakote, a seizure disorder drug[1], and Tylenol-3 for pain. As indicated in the complaint, there is no law library in the Madison County Jail, but Thomas is represented by appointed counsel in his criminal case.

Although the complaint fails to state a claim and mixes civil rights and habeas corpus issues, it clearly reflects the issues Thomas wants to pursue. Plaintiff should consult with his attorney in his criminal case because most of the issues raised in the complaint appear to be relevant to that case or a subsequent appeal in state court (or are premature under the *Younger* doctrine). The issues regarding the Madison County Jail—which may boil down to only the lack of religious materials—should be easily re-pleaded without the assistance of counsel. At this juncture, the Court perceives that Thomas can sort out how he would like to proceed and draft an amended civil rights complaint (if he elects to proceed) without the assistance of counsel specifically for this civil case. Therefore, his motion for counsel (Doc. 3) will be denied without prejudice. But the Court will remain open to assigning counsel to represent Plaintiff.

## Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated, **RASHONDA BARNES** is **DISMISSED without prejudice** as a party to this action.

---

[1] See http://www.rxlist.com/depakote-drug.htm (last accessed Oct. 2, 2015).

**IT IS FURTHER ORDERED** that the complaint is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff Thomas's motion for counsel (Doc. 3) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that, on or before **November 2, 2015**, Plaintiff Thomas, and/or Plaintiff Barnes shall file an amended complaint. Any amended complaint will undergo preliminary review consistent with 28 U.S.C. §§ 1915(e)(2) and 1915A. Failure to file an amended complaint will result in the dismissal of this action with prejudice and a "strike" will be assessed against Plaintiff Thomas for purposes of 28 U.S.C. § 1915(g). The filing fee must be paid, regardless of the dismissal of this action. Plaintiff Thomas's motion for leave to proceed as a pauper (Doc. 2) will be addressed by separate order. If Plaintiff Barnes joins in an amended civil rights complaint, she will also be responsible for paying the filing fee herself, or she may seek leave to proceed as a pauper.

Finally, Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their addresses; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 5, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**