**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **FRANK THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15−cv−0988−NJR** |
| | ) | |
| **JOSEPH SPLITTORFF,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Frank Thomas brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred while he was a pretrial detainee at the Madison County Jail. He seeks compensatory damages and injunctive relief. On August 8, 2016, this Court reviewed Plaintiff's amended complaint (Doc. 9) and severed the claims into separate actions pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The three claims that proceeded in this action are as follows:

> **Count One:** **Splittorff arrested Plaintiff without a warrant or probable cause in violation of the Fourth Amendment;**
>
> **Count Two:** **Splittorff improperly interrogated Plaintiff in violation of his Fifth Amendment rights;**
>
> **Count Three:** **Splittorff searched and confiscated Plaintiff's property without a warrant or probable cause, in violation of the Fourth Amendment.**

### DISCUSSION

Originally, the Court dismissed these claims on several grounds (*see* Doc. 6). First, at the time that Plaintiff filed his original complaint, his criminal proceedings were ongoing. The Court

therefore declined to address Plaintiff's claims related to the circumstances of his arrest pursuant to the *Younger* doctrine, which holds that a federal court must abstain from deciding federal constitutional claims regarding an ongoing state criminal proceeding. *Younger v. Harris*, 401 U.S. 37 (1971). Now, however, the website for the Illinois Department of Corrections indicates that Plaintiff has been convicted of the crimes Felon in Possession of a Firearm and Theft, and he is currently incarcerated at Robinson Correctional Center. Because it appears that Plaintiff's state court criminal proceedings are concluded, the Court is no longer barred from hearing the claims, although this statement is not meant to preclude any defenses Defendant may raise on the basis of the state court proceedings. It is possible that Plaintiff's claims are barred by *Heck v. Humphrey*, but as the Seventh Circuit has encouraged litigants to file their Fourth Amendment claims and similar claims at the time of the arrest in order to preserve them, the Court leaves this issue for another day. *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006) ("Individuals and attorneys who wish to preserve a claim for false arrest or similar Fourth Amendment violations should file their civil rights action at the time of arrest. It will still be possible, of course, for a district court to stay any such action until the criminal proceedings are concluded, should it conclude in its discretion that a stay would be useful.")

The Court also previously noted that Plaintiff's original requested relief included immediate release, a claim that is more appropriate for habeas corpus proceedings. *See Preiser v. Rodriguez*, 411 U.S. 475, 499-500 (1973). Plaintiff's amended complaint contains a request that the charges against him be dismissed, but because he has since been convicted, that request is moot and of no further relevance to these proceedings. Any claims that Plaintiff is entitled to immediate release from prison must be addressed in a separate habeas proceeding.

Plaintiff also continues to request the return of his personal property. As previously explained, the Illinois Court of Claims has exclusive jurisdiction over suits asserting damages to property. *See Sorrentino v. Godinez*, 777 F.3d 410, 413 (7th Cir. 2015). This means that this Court cannot order the return of any confiscated property, nor can it order that Plaintiff be compensated for the value of the property. But Plaintiff also has requested compensation for his pain and suffering and injunctive relief, which means he has requested relief that the Court can grant, and the Court will not dismiss his case on these grounds.

Turning to the merits of Plaintiff's claims, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that government officials, acting under color of state law, deprived him of a constitutional right. *Christensen v. County of Boone,* 483 F.3d 454, 459 (7th Cir. 2007). An arrest without probable cause is a violation of the Fourth Amendment. *Driebel v. City of Milwaukee,* 298 F.3d 622, 652 (7th Cir. 2002) (collecting cases). Plaintiff has alleged here that he was arrested without probable cause. That is sufficient as this stage, and **Count One** will proceed.

Plaintiff's claim in **Count Two** also survives review. The Fifth Amendment prohibits compelling any person "in any criminal case to be a witness against himself." U.S. CONST. amend. V. Use of a compelled statement against an individual at trial constitutes an actionable violation of the Fifth Amendment. *Chavez v. Martinez,* 538 U.S. 760, 767 (2003). Plaintiff has alleged that Splittorff continued questioning him after he twice invoked his right to remain silent and failed to read him his *Miranda* rights. He further alleges that Splittorff threatened to place charges on his daughter if Plaintiff did not confess. This is sufficient to state a claim for a Fifth Amendment violation, and **Count Two** will proceed.

As to **Count Three**, this claim also survives. Under the Fourth Amendment, "a search conducted without a warrant issued upon probable cause is '*per se* unreasonable ... subject only

to a few specifically established and well-delineated exceptions.'" *Schneckloth v. Bustamonte,* 412 U.S. 218, 219 (1973) (quoting *Katz v. United States,* 389 U.S. 347, 357 (1967)); *United States v. Borostowski,* 775 F.3d 851, 864 (7th Cir.2014). Plaintiff has alleged that Splittorff searched and confiscated his possessions without a warrant. It is a reasonable inference from the list of allegedly confiscated property that Plaintiff attached to his original complaint and incorporated by reference that the search included both his home and his car. (Doc. 1, p. 7). If Splittorff did search Plaintiff's house and car without a warrant and without a valid exception to the warrant requirement, then Plaintiff's constitutional rights were violated. Therefore **Count Three** shall be allowed to proceed.

## DISPOSITION

**IT IS HEREBY ORDERED** that the Clerk of Court shall prepare for Defendant **Splittorff**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Plaintiff's request for service at government expense is **MOOT**. (Doc. 11).

**IT IS FURTHER ORDERED** that, if Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in

the court file, nor disclosed by the Clerk.

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in

the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

   **IT IS SO ORDERED.**

   **DATED:  August 9, 2016**

                                                     _____
                                                     **NANCY J. ROSENSTENGEL**
                                                     **United States District Judge**